IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00323-FDW
(3:04-cr-00162-FDW-1)

| | |
|---|---|
| WINSTON DARIN POYER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant 28 U.S.C. § 2255. For the reasons stated herein, the Court finds that Respondent's motion to dismiss should be granted and Petitioner's § 2255 motion will be denied and dismissed.

I. BACKGROUND

Petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine base in an amount of at least 50 grams, in violation of 21 U.S.C. §§ 846 and 841 (Count One), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four). (3:04-cr-00162, Doc. No. 42: Plea Agreement). During his Plea and Rule 11 hearing Petitioner was placed under oath. The elements of Counts One and Four were explained to Petitioner as were the potential penalties, and the court informed Petitioner that he could elect to plead not guilty and proceed to a jury trial where the Government would have the burden of proving his guilt beyond a reasonable doubt. Petitioner averred that he understood these rights and admitted that

1

he was in fact guilty of the conduct charged in Counts One and Four. Petitioner also averred that that no one had threatened or coerced him or made any promises of leniency or promised a particular sentence in exchange for his guilty plea, and he admitted that he had sufficient time to discuss possible defenses to Counts One and Four with his attorney and that he was satisfied with the performance of his attorney. Finally, Petitioner confirmed that he understood all parts of the Rule 11 proceeding and the court found Petitioner's decision to plead guilty was knowing and voluntary and the plea was accepted. (Id., Doc. No. 48: Acceptance and Entry of Guilty Plea; Doc. No. 72: Tr. of Rule 11 Hearing).

The U.S. Probation Office prepared a presentence report (PSR) in advance of Petitioner's sentencing hearing. The probation officer found an adjusted offense level of 28 and noted that Petitioner qualified as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual based on four convictions for possession with intent to sell or deliver cocaine on August 13, 1993, and two counts of robbery with a dangerous weapon in 1995, all sustained in North Carolina state court. Petitioner's criminal history category VI and total offense level of 34 yielded a Guidelines range of 262 to 327-months' imprisonment, and Petitioner faced a statutory term of life imprisonment on Count One and a mandatory, consecutive term of 5-years' imprisonment for conviction on Count Four. (Id., Doc. No. 61: PSR ¶¶ 78-79).

At the outset of the sentencing hearing, this Court addressed Petitioner and he confirmed that he understood the Rule 11 proceedings, and that he was pleading guilty because he was in fact guilty of the conduct charged in Counts One and Four and the plea was accepted after the Court found that it was knowingly and voluntarily entered. The Government withdrew its notice of intention to seek enhanced penalties pursuant to 21 U.S.C. § 851, and the Court granted the

Government's motion for downward departure and sentenced Petitioner to a term of 160-months in prison on Count One and a mandatory, consecutive term of 60-months for conviction on Count Four for a total term of 220-months' imprisonment. (Id., Doc. No. 67: Judgment). Petitioner did not appeal. In this § 2255 proceeding, Petitioner raises claims of ineffective assistance of trial counsel which will be addressed herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment of the U.S. Constitution provides that a defendant is entitled to the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of

competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

A.  Ground One

Petitioner first contends that his trial counsel was ineffective by failing to properly investigate and present mitigating evidence prior to imposition of his sentence. In particular, Petitioner argues that his history of mental health issues should have been examined and he should have received a mental health evaluation prior to sentencing. Petitioner also complains that his counsel did not present sufficient evidence that he was family oriented or that he

4

provided financial and emotional support to his children and that he was a good father and had a history of gainful employment. Finally, Petitioner argues that his counsel was ineffective in failing to be present for his presentence interview with the probation officer and that he failed to prepare Petitioner for a proper allocution prior to sentencing. (3:12-cv-00323, Doc. No. 1 at 2-3).

Petitioner's claims are conclusory and without merit. First, trial counsel's efforts resulted in a substantial reduction in Petitioner's sentence such that his mandatory term of life imprisonment was ultimately shelved and he received instead a sentence of 220-months' imprisonment. During sentencing, his counsel tendered three letters from family and friends which were considered by the Court, and reflected positively on Petitioner, and Petitioner was able to emphasize the importance of his family and his two children during his allocution. In addition, the Government praised his counsel's performance at sentencing remarking that his counsel "saved" Petitioner's "life in the truest sense, and he did it twice over and then some." (3:04-cr-00162, Doc. No. 71: Sentencing Tr. at 19). The Government noted that his counsel was able to secure a plea agreement early in the case by flying to Florida after Petitioner was detained following the return of his indictment. The Government also observed that the sentence that Petitioner' counsel was able to negotiate was particularly favorable when considering Petitioner's lengthy criminal history of drug trafficking and violent crimes. Lastly, the information in Petitioner's presentence report provided this Court with sufficient evidence of Petitioner's employment history, his vocational skills as evidenced by certifications in heating and air, small engine repair, plumbing, brick masonry and carpentry, and noteworthy information regarding his positive upbringing by his parents and his love and responsibility for his children. Notably, Petitioner reported no history of mental health issues to the probation officer.

Based on the record before the Court, it is plain that Petitioner has failed to demonstrate deficient performance or prejudice and this claim will be denied.

B.       Ground Two

Petitioner next argues that his counsel was ineffective in failing to preserve a claim that Petitioner should have received the benefit of the Fair Sentencing Act (FSA) of 2010. (3:12-cv-00323, Doc. No. 1 at 4). The FSA became effective on August 3, 2010, and applies to offenses that were committed before August 3rd, and sentences that are imposed after the effective date. See Dorsey v. United States, 132 S.Ct. 2321, 2336 (2012). Because Petitioner committed his offenses before the FSA's effective date and he was sentenced after that date, he did in fact receive the benefit to which he was entitled under the provisions of the FSA. Therefore this claim will be denied.

C.       Ground Three

Petitioner renews his challenge to his counsel's performance this time contending that his counsel was ineffective in failing to examine the strength of the Government's case and explore possible defenses to the charges in his indictment. (Id., Doc. No. 1-1 at 1). As noted above, the swift action of Petitioner's counsel in evaluating the strength of the Government's case resulted in an immeasurable benefit to Petitioner because his counsel's actions resulted in Petitioner being able to escape a mandatory term of life imprisonment and resulted in a significant reduction in his Guidelines range.

Additionally, this Court confirmed at the outset of Petitioner's sentencing hearing that his decision to enter into a written plea agreement and plead guilty to Counts One and Four of his indictment was knowing and voluntary. In particular, Petitioner confirmed that each of the sworn

answers that he provided during his Rule 11 hearing were true and that he would answer each of the questions presented in the hearing the same way during his sentencing hearing if those questions were posed again. Critically, one of the answers Petitioner provided during his Rule 11 hearing was that he and his attorney had sufficient time to discuss any possible defenses prior to the plea hearing.

A petitioner is bound by his sworn statements which he makes during a properly conducted Rule 11 hearing and as this Court has already found, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted and his decision to enter into the plea agreement – in exchange for valuable concessions by the Government – was knowing and voluntary. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

In any event, Petitioner has failed to demonstrate how he might be entitled to relief under Strickland. Petitioner's counsel secured the dismissal of three charges in his indictment in exchange for Petitioner's informed agreement to plead guilty to Counts One and Four. Moreover, the Court finds that the evidence of Petitioner's guilt to the conduct charged in Counts One and Four is beyond question based on the evidence in the PSR, and again, based on Petitioner's sworn statements during his Rule 11 hearing. For these reasons, this claim will be denied.

D. Petition to Supplement § 2255 Motion

After the Government filed its answer and motion to dismiss, Petitioner filed a petition to supplement his § 2255 motion to include a claim that his prior drug trafficking convictions which he sustained in North Carolina state court are no longer valid based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (3:12-cv-00323, Doc. No. 10).

In Simmons, the Fourth Circuit held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the Court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In settling on this conclusion, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

First, this Court specifically noted during Petitioner's sentencing hearing that neither the holding in Carachuri-Rosendo or in Simmons applied to Petitioner's prior convictions because Petitioner was sentenced for these drug convictions prior to the effective date of North Carolina's Structured Sentencing Act. (3:04-cr-00162, Doc. No. 71: Sentencing Tr. at 18). Second,

8

Petitioner's argument that he only served eleven months for his state drug crimes is misplaced. The relevant inquiry under Simmons is whether Petitioner could have received a sentence in excess of one year, and as Petitioner notes and as noted in his presentence report, Petitioner was sentenced to a term in excess on one year of imprisonment for each of the four prior state drug crimes.

IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion and his petition to supplement the § 2255 motion are without merit and the Government's motion to dismiss will be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's motion to dismiss is **GRANTED**. (Doc. No. 9).

2. Petitioner's § 2255 motion is **DENIED** and **DISMISSED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 21, 2015

Frank D. Whitney
Chief United States District Judge