IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00323-FDW
(3:04-cr-00162-FDW-1)

| | | |
|---|---|---|
| WINSTON DARIN POYER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se "Motion to Supplement/Amend Response to Government." (Doc. No. 16).

On April 21, 2015, this Court dismissed Petitioner's § 2255 Motion to Vacate after finding that his claims were without merit. (Id., Doc. No. 14). Petitioner did not appeal. In the present motion, Petitioner contends that his designation as a Career Offender is erroneous and that his counsel was ineffective for failing to challenge his prior convictions which supported his designation as a Career Offender. In support of his argument, Petitioner cites, among other cases, the Supreme Court's opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Supreme Court overruled its decision in Harris v. United States, 536 U.S. 545 (2002), in holding that any fact that increases a defendant's statutory minimum sentence must either be admitted by the defendant or submitted to a jury and found beyond a reasonable doubt.

Petitioner's contention that his prior North Carolina convictions do not qualify him as a Career Offender under Alleyne, or any other authority, must fail as that decision has not been made retroactive on collateral review. See United States v. Olvera, 775 F.3d 726, 730 n.12 (5th

1

Cir. 2015) (collecting cases). Secondly, a claim challenging a Career Offender designation, when considered separately from an ineffective assistance of counsel claim, is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 936 (4th Cir.), cert. denied, 135 S. Ct. 2850 (June 15, 2015). Finally, Petitioner's claim of ineffective assistance fails because he was convicted of four qualifying drug offenses that earned him the Career Offender designation; thus any challenge by his counsel would have been meritless. (3:04-cr-00162, Doc. No. 61: Presentence Report ¶¶ 35, 41, 44, 46).

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to amend his **DENIED**. (Doc. No. 16).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 2, 2015

Frank D. Whitney
Chief United States District Judge